GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

| | |
|---|---|
| PATRICIA M. NAPIER | 3735-0 |
| pnapier@goodsill.com | |
| STACY Y. MA | 10537-0 |
| sma@goodsill.com | |
| ANDREW K. RECKTENWALD | 10223-0 |
| arecktenwald@goodsill.com | |

First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawai'i  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
BEN & JERRY'S HOMEMADE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GREG CRANE, an individual,<br><br>            Plaintiff,<br><br>   vs.<br><br>BEN & JERRY'S HOMEMADE, INC., a for profit corporation, dba BEN & JERRY'S ICE CREAM; DOES 1-20, DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE NON-PROFIT ENTITIES 1-20; DOE GOVERNMENTAL ENTITIES 1-20,<br><br>            Defendants. | CV<br><br>DEFENDANT BEN & JERRY'S HOMEMADE, INC.'S NOTICE OF REMOVAL; EXHIBIT "A"; CERTIFICATE OF SERVICE |

7414363.2

## DEFENDANT BEN & JERRY'S HOMEMADE, INC.'S
## NOTICE OF REMOVAL

Defendant BEN & JERRY'S HOMEMADE, INC.'S ("Defendant") hereby submits this Notice of Removal ("Notice"), petitioning the United States District Court for the District of Hawaiʻi for removal of the above-captioned action, Civil No. 18-1-2061-12 JHA, from the Circuit Court of the First Circuit, State of Hawaiʻi, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 and 1446, and submits a short and plain statement of the grounds for removal, as follows:

**A.    Introduction**

1.    On December 20, 2018, Plaintiff GREG CRANE ("Plaintiff") filed a Complaint in the Circuit Court of the First Circuit, State of Hawaiʻi (Civil No. 18-1-2061-12 JHA against Defendant BEN & JERRY'S HOMEMADE HOLDINGS INC., dba BEN & JERRY'S ICE CREAM alleging personal injuries resulting from an incident on September 26, 2017.

2.    On March 12, 2019, Plaintiff filed a First Amended Complaint ("Complaint") removing as a defendant BEN & JERRY'S HOMEMADE HOLDINGS INC., dba BEN & JERRY'S ICE CREAM, and naming in its place BEN & JERRY'S HOMEMADE, INC., dba BEN & JERRY'S ICE CREAM.

3. Defense counsel was served with the Complaint on March 27, 2019 by hand delivery. Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

4. The Complaint alleges that on September 26, 2017, Plaintiff sustained injuries while eating Defendant's "Brownie Batter Core" ice cream product. FAC at ¶ 12. Specifically, Plaintiff alleges that he "unexpectantly bit down onto a piece of a metal fragment that was embedded in the pint container of ice cream." FAC at ¶¶ 11-13. As a result, Plaintiff claims that "he fractured his teeth causing pain and the need to receive dental care and surgery." *Id.* at ¶ 14.

5. The Complaint asserts seven separate "Counts" against Defendant relating to the incident including negligence; products liability; products liability (failure to warn); breach of implied warranty of merchantability; breach of express warranty;[1] negligent failure to warn; and the violation of Hawaii Revised Statutes Chapter 480. Plaintiff claims to have "suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial." *See e.g.*, *id.* at ¶ 23.

6. The Complaint alleges general and special damages and further seeks damages as provided under H.R.S. Chapter 430, attorneys' fees, costs and prejudgment interest, among other things.

---

[1] Plaintiff's Complaint misnumbered the counts and included two "Count VI"s as a claim for "Breach of Express Warranty."

### B. Diversity of Citizenship

7. Based upon information and belief, Plaintiff is a citizen of Hawai'i within the meaning of 28 U.S.C. § 1332(a)(1). *See Id.* at ¶ 1 ("Plaintiff GREG CRANE was at all times material herein a resident of the City and County of Honolulu, State of Hawai'i.")

8. Defendant is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business in the State of Vermont. Defendant is therefore deemed a citizen of Vermont for purposes of 28 U.S.C. § 1332(a)(1).

9. All other defendants are fictitiously named: DOES 1-20, DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE NON-PROFIT ENTITIES 1-20; DOE GOVERNMENTAL ENTITIES 1-20 ("Doe Defendants"). The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1441(b)(1).

### C. The Amount in Controversy is Satisfied

10. Based on the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or

"may consider facts in the removal petition." *Singer v. State Farm Mut. Aut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted).

11. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.    Process and Pleadings**

12. This Notice of Removal has been timely filed within 30 days of service of the Complaint on Defendant pursuant to 28 U.S.C. §1446(b).

13. This Notice of Removal is also timely filed within one year of the commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

14. Venue is proper in the United States District Court for the District of Hawaiʻi pursuant to 28 U.S.C. § 1446(a) because the action is pending within the District of Hawaiʻi.

15. By removing this action, Defendant does not waive any defenses available to it.

16. By removing this action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

17. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawai'i, to the United States District Court for the District of Hawai'i, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: Honolulu, Hawai'i, April 15, 2019.

/s/ Stacy Y. Ma
PATRICIA M. NAPIER
STACY Y. MA
ANDREW K. RECKTENWALD

Attorneys for Defendant
BEN & JERRY'S HOMEMADE, INC.