FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 MAR 12  AM 11:32

J. KURO
CLERK

RICHARD D. GRONNA #5391
Attorney at Law
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
E-Mail: rgronna@hawaii-personal-injury.com

Attorney for Plaintiff
GREG CRANE

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| GREG CRANE, an individual, | ) CIVIL NO. 18-1-2061-12 JHA |
| Plaintiff, | ) [Other Non-Vehicle Tort; <br> ) Products Liability] |
| vs. | ) <br> ) FIRST AMENDED COMPLAINT; <br> ) SUMMONS |
| BEN & JERRY'S HOMEMADE, INC., a <br> for profit corporation, dba BEN <br> & JERRY'S ICE CREAM; DOES 1-20, <br> DOE CORPORATIONS 1-20; DOE <br> PARTNERSHIPS 1-20; DOE NON- <br> PROFIT ENTITIES 1-20; DOE <br> GOVERNMENTAL ENTITIES 1-20, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

COMPLAINT

COMES NOW, Plaintiff GREG CRANE (hereinafter "Plaintiff

CRANE"), by and through his attorney, Richard D. Gronna, for a

Complaint against Defendants BEN & JERRY'S HOMEMADE INC. and DOE

DEFENDANTS 1-20, alleges and avers as follows:

1.   Plaintiff GREG CRANE (hereinafter referred to as

CRANE) was at all times material herein a resident of the City

and County of Honolulu, State of Hawai'i.

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

_____
Clerk, First Circuit, State of Hawaii

EXHIBIT A


SUMMONS
DENIED
LEGAL DOCUMENTS BR

2.     Defendant BEN & JERRY'S HOMEMADE, INC. (hereinafter referred to as BEN & JERRY'S), is a for profit corporation who sell their products in the State of Hawaii.

3.     Defendant BEN & JERRY'S was and is a corporation formed and existing under the laws of the State of Vermont.

4.     During all relevant times herein, Defendant BEN & JERRY'S principal place of business was and is in Vermont.

5.     During all relevant times herein, Defendant BEN & JERRY'S was authorized to do business by selling their BEN & JERRY'S ice cream products and was doing business by selling their BEN & JERRY'S ice cream products in the State of Hawaii.

6.     The employees, agents, associates, representatives and/or other persons of BEN & JERRY'S and others who held themselves out as being agents or employees of BEN & JERRY'S were acting within the scope of such relationship.  BEN & JERRY'S are therefore liable for all of the acts and/or omissions of its employees, agents and/or putative employees under the doctrine of respondeat superior.

7.     Defendant BEN & JERRY'S is otherwise vicariously liable for the acts and omissions of their employees, agents, associates, representatives and/or other persons who held themselves out as being agents or employees of BEN & JERRY'S under principal/agent or master/servant principles.

- 2 -

8.    The employees, agents, associates, representatives and/or providers of BEN & JERRY'S were acting under the actual and/or apparent authority and/or agency of BEN & JERRY'S. Therefore, BEN & JERRY'S are liable for all acts and/or omissions of the employees, agents, associates, representatives and/or other providers of BEN & JERRY'S under the theory of apparent authority/agency, or is otherwise vicariously liable for their acts and omissions under the theory of apparent authority/agency.

9.    Plaintiff intends to rely on the doctrine of res ipsa loquitor.

10.    Plaintiff is presently unable to ascertain the true names of DOES 1-20, DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE NON-PROFIT ENTITIES 1-20; DOE GOVERNMENTAL ENTITIES 1-20, who are therefore sued herein under fictitious names; said Doe Defendants are connected in some manner with the named Defendant and are the agents, servants, employees, employers, representatives or independent contractors of the named Defendant and/or were in some manner presently known to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries and damages sustained by Plaintiff and the negligent conduct of said Doe Defendants are the proximate and legal cause of the injuries and damages sustained by Plaintiff. Pursuant to Rule 17(d) of the

Hawaii Rules of Civil Procedure, Plaintiff will ask leave of Court to identify and substitute the true names, identities, capacities and responsibilities of Defendants DOES 1-20 when the same are ascertained.

## FACTUAL ALLEGATIONS

11.  On or about September 26, 2017 Plaintiff purchased a pint of Defendant BEN & JERRY'S "Brownie Batter Core" ice cream product.

12. On the evening of September 26, 2017 Plaintiff opened Defendant BEN & JERRY'S "Brownie Batter Core" ice cream product and began to eat the "Brownie Batter Core" ice cream.

13.  Plaintiff had eaten approximately half of the pint of ice cream when upon using a spoon, he scooped out a bite sized amount of ice cream out from the pint of "Brownie Batter Core" ice cream and began to chew down when he unexpectantly bit down onto a piece of a metal fragment that was embedded in the pint container of ice cream.

14.  As a result of biting down into the piece of metal he fractured his teeth causing pain and the need to receive dental care and surgery for the damage caused to CRANE'S teeth and mouth.

15.  Defendant BEN & JERRY'S created, manufactured, marketed, distributed, and/or sold their ice cream product labeled "Brownie Batter Core" ice cream.

- 4 -

16.   Sales of Defendant BEN & JERRY'S "Brownie Batter Core" began in the United States for an unknown time prior to 2017.

## COUNT I:
### (NEGLIGENCE)

17.   Plaintiff re-alleges and incorporate by reference paragraphs 1 through 16 as if said paragraphs were fully set forth herein.

18.   The above acts and omissions by Defendant BEN & JERRY'S constituted negligence of the part of Defendants by allowing for a metal foreign object to become embedded in their ice cream product.

19.   Defendant BEN & JERRY'S owed a duty to Plaintiff to exercise reasonable care in the creation, manufacture, testing, inspection, labeling, and/or sale of the ice cream to insure it was safe and fit for its intended and/or reasonably foreseeable use.

20.   Defendant BEN & JERRY'S also owed a duty to inform Plaintiff of any significant risks and problems that had been experienced with their ice cream products.

21.   Defendant BEN & JERRY'S breached their duty to Plaintiff by negligently creating, manufacturing, testing, inspecting, labeling, and/or selling the ice cream which had a metal foreign object implanted in the pint of ice cream

- 5 -

purchased by Plaintiff.

22.  Defendant BEN & JERRY'S, and each of them, further breached their duties to Plaintiff by failing to inform of the significant risks and problems known to Defendant BEN & JERRY'S regarding their ice cream products.

23.  As a direct and proximate result of the above, Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

## COUNT II
## (PRODUCTS LIABILITY)

24.  Plaintiff re-alleges and incorporate by reference paragraphs 1 through 23 as if said paragraphs were fully set forth herein.

25.  The pint of "Brownie Batter Core" ice cream was designed, created, manufactured, tested, inspected, labeled, distributed, marketed, and/or sold by Defendant BEN & JERRY'S contained a foreign metal object which made it unreasonably dangerous for its intended or reasonably foreseeable use.

26.  Defendant BEN & JERRY'S failed to take reasonable measures to design their manufacturing process to protect against a reasonably foreseeable risk of injury.

27.  The pint of ice cream reached Plaintiff without any change in the condition in which it was sold.

28.  Plaintiff used and consumed the ice cream as was

- 6 -

directed for its intended and/or reasonably foreseeable purpose and use.

29. The pint of ice cream was defective because:

    a. It failed to perform as safely as an ordinary user of the product would expect when used in an intended or reasonably foreseeable manner, including reasonably foreseeable misuses;

    b. The benefits of the creation design and manufacturing of the product was outweighed by the risk of danger inherent in that design and manufacturing; and/or

    c. The use of the product in the manner intended or reasonably foreseeable, including reasonably foreseeable misuse, involved a substantial danger known to Defendants; the danger would not be readily recognized by the ordinary user or consumer of the product; and

    d. Defendants failed to give adequate warnings of the danger and/or adequate instructions for safe use.

30. The unreasonably dangerous manufacturing and production of the ice cream is shown by, among other things, having a foreign metal object embedded within the pint of ice cream.

31. As a direct and proximate result of the above,

Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

### COUNT III
### PRODUCTS LIABILITY
### (FAILURE TO WARN)

32. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 31 as if said paragraphs were fully set forth herein.

33. Defendant BEN & JERRY'S owed a duty to Plaintiff to provide adequate warnings of the known dangers of the ice cream product such as being aware of the possibility of having foreign metal objects embedded in the product.

34. Defendant BEN & JERRY'S knew or should have known that having a foreign metal object embedded in the ice cream created a risk of injury if it was used in an intended or reasonably foreseeable manner, including reasonably foreseeable misuse.

35. Defendant BEN & JERRY'S failed to use ordinary care to warn those intended or reasonably anticipated to use the ice cream product of the above-described risk.

36. The pint of Defendant BEN & JERRY'S "Brownie Batter Core" was defective because:

a. It failed to perform as safely as an ordinary user of the product would expect when used in an intended or reasonably foreseeable manner, including reasonably foreseeable misuses;

- 8 -

b. The benefits of the creation and manufacturing of the "Brownie Batter Core" were outweighed by the risk of danger inherent in that design; and/or

c. The use of the product in the manner intended or reasonably foreseeable, including reasonably foreseeable misuse, involved a substantial danger known to Defendants; the danger would not be readily recognized by the ordinary user or consumer of the product; and Defendants failed to give adequate warnings of the danger and/or adequate instructions for safe use.

37. As a direct and proximate result of the above, Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

## COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 37 as if said paragraphs were fully set forth herein.

39. Defendant BEN & JERRY'S created, manufactured, labeled, distributed, and/or sold the "Brownie Batter Core" which was purchased by Plaintiff.

40. Defendant BEN & JERRY'S impliedly warranted that the product was reasonably fit for its intended and ordinary use

furnish a product suitable for the above-described purpose.

48.  Defendant BEN & JERRY'S knew or had reason to know that the product would be purchased by a consumer such as of Plaintiff.

49.  Plaintiff was a person reasonably expected to use or be affected by Defendant's product.

50.  The pint of Defendant BEN & JERRY'S ice cream sold to Plaintiff failed to meet the above-described purpose, and it failed while being used for its intended and ordinary purpose.

51.  As a direct and proximate result of the above, Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

**COUNT VI**
**BREACH OF EXPRESS WARRANTY**

52.  Plaintiff re-alleges and incorporate by reference paragraphs 1 through 51 as if said paragraphs were fully set forth herein.

53.  Defendant BEN & JERRY'S designed, manufactured, labeled, distributed, and/or sold the pint of "Brownie Batter Core" which was purchased and consumed by Plaintiff.

54.  Plaintiff was a person reasonably expected to use or be affected by Defendant's food product.

55.  Defendant BEN & JERRY'S warranted by affirmation of

- 11 -

furnish a product suitable for the above-described purpose.

48.  Defendant BEN & JERRY'S knew or had reason to know that the product would be purchased by a consumer such as of Plaintiff.

49.  Plaintiff was a person reasonably expected to use or be affected by Defendant's product.

50.  The pint of Defendant BEN & JERRY'S ice cream sold to Plaintiff failed to meet the above-described purpose, and it failed while being used for its intended and ordinary purpose.

51.  As a direct and proximate result of the above, Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

### COUNT VI
### BREACH OF EXPRESS WARRANTY

52.  Plaintiff re-alleges and incorporate by reference paragraphs 1 through 51 as if said paragraphs were fully set forth herein.

53.  Defendant BEN & JERRY'S designed, manufactured, labeled, distributed, and/or sold the pint of "Brownie Batter Core" which was purchased and consumed by Plaintiff.

54.  Plaintiff was a person reasonably expected to use or be affected by Defendant's food product.

55.  Defendant BEN & JERRY'S warranted by affirmation of

- 11 -

fact, promise, description, sample, and/or model to Plaintiff that the pint of "Brownie Batter Core" was fit and appropriate for extended, safe, and proper use as a food product.

56. The above-referenced warranties by Defendant BEN & JERRY'S were intended to directly and/or indirectly induce persons such as Plaintiff to purchase the pint of "Brownie Batter Core", and thus became part of the basis of the bargain.

57. The pint of Defendant BEN & JERRY'S Brownie Batter Core that was manufactured and sold to Plaintiff was unfit, unsafe, and improper for the use for which it was intended, and was not suitable for consumption.

58. Defendant BEN & JERRY'S pint of "Brownie Batter Core" failed to conform to the above-referenced warranties.

59. As a direct and proximate result of the above, Plaintiff suffered and will continue to suffer injuries and/or damages in amounts to be proven at trial.

## COUNT VII
### NEGLIGENT FAILURE TO WARN

60. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 59 as if said paragraphs were fully set forth herein.

61. At all times relevant herein, Defendant BEN & JERRY'S

was engaged in the development, testing, manufacture, marketing, and sales of the pint of Defendant BEN & JERRY'S "Brownie Batter Core" ice cream.

62.   At all times relevant herein, Defendant BEN & JERRY'S designed, manufactured, labeled, distributed, and/or sold their "Brownie Batter Core" to stores selling ice cream and their patrons knowing that it would be consumed by those patrons who purchased the product.

63.   Defendant BEN & JERRY'S owed a duty to Plaintiff to inform Plaintiff about any information indicating that the pint of "Brownie Batter Core" created an unreasonable risk of bodily injury and/or serious harm to consumers such as Plaintiff.

64.   Defendant BEN & JERRY'S owed a duty to Plaintiff to inform Plaintiff about any information indicating that the pint of "Brownie Batter Core" ice cream created an unreasonable risk of bodily injury and/or serious harm to patients.

65.   Defendant BEN & JERRY'S owed a duty to Plaintiff to inform Plaintiff about any information indicating that the "Brownie Batter Core" ice cream created an unreasonable risk of bodily injury and/or serious harm to consumers.

66.   Defendant BEN & JERRY'S knew or should have known through testing, adverse event reporting, and/or otherwise,

that the pint of "Brownie Batter Core" ice cream created a
high risk of bodily injury and serious harm to consumers if
metal fragments were embedded within the ice cream.

67.   Defendant BEN & JERRY'S failed to provide adequate
and timely warnings or instructions about the product and its
known defects.

68.   As a direct and proximate result of the above,
Plaintiff suffered and will continue to suffer injuries and/or
damages in amounts to be proven at trial.

## COUNT VIII
## VIOLATION OF HAWAII REVISED STATUTES CHAPTER 480

69.   Plaintiff re-alleges and incorporate by reference
paragraphs 1 through 68 as if said paragraphs were fully set
forth herein.

70.   At all times relevant herein, Defendant BEN & JERRY'S
was engaged in the development, testing, manufacture,
marketing, sales and use of the "Brownie Batter Core" ice
cream.

71.   The conduct of Defendant BEN & JERRY'S as described
above, including but not limited to concealment of important
information and providing false and misleading information
regarding the risks of injury associated with the consumption of
their food product, offends established public policy and is
substantially injurious to consumers such as Plaintiff; is

- 14 -

deceptive; and constitutes unfair and/or deceptive acts or practices and/or unfair competition in violation of Hawaii Revised Statutes Chapter 480.

72.   Defendant BEN & JERRY'S failed to disclose the health risks and defects of their product when offering that product to consumers such as Plaintiff.

73.   Defendant BEN & JERRY'S has made substantial profits in Hawaii and from Hawaii residents such as Plaintiff from the sales and consumption of their ice cream products by use of unfair and/or deceptive means.

74.   A reasonable person would not have elected to consume Defendant BEN & JERRY'S ice cream products had Defendant BEN & JERRY'S disclosed these concealed material facts that small foreign metal objects may be found in their ice cream products.

75.   Plaintiff is entitled to damages to be determined at trial as provided for under Hawaii Revised Statutes Chapter 480.

///

///

///

///

///

///

WHEREFORE, Plaintiff prays for judgment in amounts in excess of the minimum jurisdictional requirements of this Court against the above-named Defendants, jointly and severally, as follows:

1.   General damages in amounts proven at trial.

2.   Special damages in amounts proven at trial.

3.   Damages as provided under Hawaii Revised Statutes Chapter 480.

4.   Plaintiff's attorneys' fees, costs, prejudgment interest, and such other and further relief as the Court deemsproper in the premises.


DATED:   Honolulu, Hawaii, March 11, 2019

RICHARD D. GRONNA
Attorney for Plaintiff
GREG CRANE

- 16 -

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| GREG CRANE, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BEN & JERRY'S HOMEMADE, INC., a<br>for profit corporation, dba BEN<br>& JERRY'S ICE CREAM; DOES 1-20,<br>DOE CORPORATIONS 1-20; DOE<br>PARTNERSHIPS 1-20; DOE NON-<br>PROFIT ENTITIES 1-20; DOE<br>GOVERNMENTAL ENTITIES 1-20,<br><br>                    Defendants.<br>_____ | ) CIVIL NO. 18-18-1-2061-12 JHA<br>) [Other Non-Vehicle Tort;<br>) Products Liability]<br>)<br>) SUMMONS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SUMMONS

STATE OF HAWAII:

To the above-named Defendants:

    You are hereby summoned and required to serve upon RICHARD

D. GRONNA, Plaintiff's attorney, whose address is as follows:

        RICHARD D. GRONNA, #5391
        841 Bishop Street, Suite 2201
        Honolulu, HI 96813
        Telephone: (808) 523-2441
        Facsimile: (808) 566-0347
        E-mail: rgronna@hawaii-personal-injury.com

an answer to the First Amended Complaint which is herewith

served upon you, within twenty (20) days after service of this

summons upon you, exclusive of the day of service.  If you fail

to do so, judgment by default will be taken against you for the

relief demanded in the First Amended Complaint.

Personal delivery of the summons between 10:00 p.m. and 6:00 a.m. on premises not open to the public is prohibited unless a Judge of the Circuit Court permits, in writing on the summons, personal delivery during those hours.  If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Third Amended Complaint.

DATED:  Honolulu, Hawaii, _____

SUMMONS
DENIED
LEGAL DOCUMENTS BR

_____
Clerk of Court